**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JANE DOE,

      Plaintiff,

v.                                                                   No. CIV 19-1148 RB/CG

FORMER CORRECTIONAL OFFICER
BENNY CHEE, in his individual capacity;
FORMER WARDEN ROBERTA LUCERO-
ORTEGA, in her individual capacity;
SERGEANT RANDY GIFFORD, in his
individual capacity; and MAJOR GARY
TRUJILLO, in his individual capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      Defendant Benny Chee, formerly a correctional officer (CO) at the Western New Mexico Correctional Facility (WNMCF), pled guilty to Criminal Sexual Penetration in the Third Degree (Force or Coercion) in violation of N.M. Stat. Ann. § 30-09-11(F). By so pleading, Chee necessarily admitted that he used "force or coercion" to unlawfully and intentionally cause Plaintiff Jane Doe to engage in sexual intercourse with him. Doe brings an Eighth Amendment claim against Chee and now asks the Court to judicially estop Chee from arguing that she consented as a defense. Because Chee pled guilty to a criminal statute that includes "force or coercion" as an element, the Court finds that judicial estoppel is appropriate. Under the circumstances of this lawsuit, Doe has established an Eighth Amendment violation, and the Court will grant her motion for summary judgment.

**I.**       **Background**

      Plaintiff Jane Doe was incarcerated at WNMCF in Grants, New Mexico. (Doc. 1-A (Compl.) ¶ 1.) Chee was employed as a CO at WNMCF. (*Id.* ¶ 2.) Doe alleges that Chee illegally

coerced her into having sexual intercourse and/or oral sex with him on four occasions. (*See id.* ¶¶ 10–49.) The details of Doe and Chee's sexual encounters are disputed. Doe detailed her version in an interview with New Mexico State Police. (*See* Doc. 44-1.) She stated that the first time the two had sex, it was consensual; "after that [she] just wanted it to stop." (*See id.* at 28:50–29:05.) Doe stated that during the third encounter, Chee "was more aggressive;" he held her "arms and [held her] really tight" while she was on her stomach over a desk. (*See id.* at 21:11–50.) During the fourth and final encounter, Doe and Chee were talking together and leaning against a desk in the control room. (*See id.* at 24:39–54, 27:39–44.) Doe told Chee good night, and Chee continued to talk to Doe then "pulled [her] from the desk and . . . put [her] against the door." (*See id.* at 24:55–25:54.) Doe "told him [she] didn't want to do it no more." (*See id.* at 26:06–09.) Chee "put [her] face against the door[,]" pulled her pants down, took off his belt, and raped her. (*Id.* at 26:10–26, 27:30–44.) Chee ejaculated inside of Doe without wearing a condom during each of the four encounters. (*Id.* 45:42–46:00.) Doe became pregnant and later suffered a miscarriage. (*See* Doc. 47-6.)

On March 27, 2018, Chee pled guilty to Criminal Sexual Penetration in the Third Degree (Force or Coercion) in violation of N.M. Stat. Ann. § 30-09-11(F) (CSP III), a third-degree felony.[1] (*See* Doc. 47-1.) Section 30-09-11(F) provides: "Criminal sexual penetration in the third degree consists of all criminal sexual penetration perpetrated through the use of force or coercion not otherwise specified in this section." The district attorney read the following factual basis for the charge at Chee's June 18, 2018 plea hearing:

> On or between February 15 and March 3, 2017, Ben Chee was a corrections officer at the prison here in Grants, and he did engage in sexual intercourse with one of the female inmates. And because under the law an inmate is not capable of consenting, Mr. [Chee] has agreed has to plead guilty to criminal sexual penetration by either

---

[1] Chee was originally charged with four counts under N.M. Stat. Ann. § 30-09-11(E)(2), a second-degree felony. *See New Mexico v. Chee*, D-1333-CR-201700141, Criminal Information/Compl. (13th Jud. Dist. N.M. May 23, 2017).

force or coercion.

(Doc. 47-2 at 2:18–3:00.)[2] The judge swore Chee in; Chee gave up his right to remain silent and affirmed that he had discussed the plea with his attorney and understood it. (*Id.* at 3:05–37.) The judge re-read the factual basis for the plea, stating that Chee "engaged in sexual intercourse with an inmate who's, by law, is just incapable of giving consent, even if they did, still by law they're not supposed to do that and you're not supposed to do that. Did that happen?" (*Id.* at 3:42–4:08.) Chee replied, "Yes." (*Id.* at 4:09–10.) Chee's attorney affirmed that Chee understood the rights he was giving up by pleading guilty, and Chee personally affirmed he was voluntarily giving up his rights and that he was not forced to plead guilty. (*Id.* at 4:12–32.) The court found that Chee understood the charge and that there was "a basis in fact for believing [Chee was] guilty of committing the offense[] charged . . . ." (Doc. 47-1 at 4.) The judge asked, "how do you plead to the charge of criminal sexual penetration in the third degree, force or coercion, a third degree felony . . . ?" (Doc. 47-2 at 4:59–5:10.) Chee responded, "Guilty." (*Id.* at 5:11–13.) Chee was sentenced to three years in jail, suspended, and was required to register as a sex offender. (*Id.* at 5:36–18; Doc. 47-1 at 1.) *See also New Mexico v. Chee*, D-1333-CR-201700141, J. & Order (13th Jud. Dist. N.M. June 28, 2018).

Chee now submits a declaration and asserts that he "had a consensual sexual relationship with [Doe]" that she initiated. (Doc. 50-1 ¶¶ 4–5.) Doe argues that the declaration is inconsistent with his guilty plea and asks the Court to estop Chee from using the defense of consent.

## II.   Summary Judgment Standard

"Summary judgment is proper if, viewing the evidence in the light most favorable to the

---

[2] Chee disputes this fact on the basis that "the prosecutor opined *inter alia* that a prison inmate could not as a matter of law consent to sexual intercourse with a corrections officer." (Doc. 50 at 2.) He states that he "pleaded guilty under the terms of the plea agreement . . . ." (*Id.* (citing Doc. 47-1).) Chee's objection does not negate the fact that he acknowledged and agreed to the factual basis of his plea while under oath.

non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Halley v. Huckaby*, 902 F.3d 1136, 1143 (10th Cir. 2018) (quoting *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018)). "The movant bears the initial burden of 'show[ing] that there is an absence of evidence to support the nonmoving party's case.'" *Tanner v. San Juan Cty. Sheriff's Office*, 864 F. Supp. 2d 1090, 1106 (D.N.M. 2012) (quoting *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991)) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the movant meets this burden, rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). A party cannot "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Id.* (quotation and citations omitted). Instead, the non-moving party must come forward with "sufficient evidence on which the factfinder could reasonably find" in her favor. *Id.* (citations omitted). Evidence that is "merely colorable," *Anderson*, 477 U.S. at 249, or consists only of "[u]nsubstantiated allegations[,]" *McCoy*, 887 F.3d at 1044, is insufficient.

**III.   Analysis**

Doe brings a claim against Chee for violating her Eighth Amendment right to bodily integrity and to be free from sexual assault. (Compl. ¶¶ 84–92.) The law is clearly established "that nonconsensual, coerced sex between a jailer and an inmate violates the Constitution." *Brown v. Flowers*, 974 F.3d 1178, 1186 (10th Cir. 2020) (citing *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999)). The question before the Court is whether, when a CO pleads guilty to the CSP III statute that prohibits "criminal sexual penetration perpetrated through the use of force or coercion[,]" *see* N.M. Stat. Ann. § 30-9-11(F), the CO may present a defense of consent to an inmate's Eighth Amendment sexual abuse claim. Considering the statute in light of clear Tenth

Circuit precedent, the Court finds that a guilty plea to CSP III precludes the CO from arguing that the inmate consented to the conduct.

### A. Judicial estoppel

Doe moves for summary judgment as to liability and argues that the theory of judicial estoppel bars Chee from arguing that she consented to the sexual encounters due to his guilty plea. (*See* Doc. 47 at 5–8.) "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). This rule is known as "judicial estoppel" and represents "a broad, discretionary remedy[,] which courts may invoke to protect the integrity of the judicial process." *Spurlock v. Townes*, No. 9-CV-786 WJ/DJS, 2010 WL 11470391, at *5 (D.N.M. May 26, 2010) (citing *Johnson*, 405 F.3d at 1068; *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). To determine whether judicial estoppel applies, courts examine three factors. "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Johnson*, 405 F.3d at 1069 (quoting *New Hampshire*, 532 U.S. at 750). "Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory." *Id.* (citing *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)). "Second, whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Id.* (quotation marks and citation omitted). "Third, whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (quotation marks and citation omitted).

> **1.   Chee's consent defense is clearly inconsistent with his guilty plea to CSP III, which includes "force or coercion" as an element.**

The parties primarily argue about the first element of judicial estoppel—whether Chee's guilty plea is clearly inconsistent with his consent defense. Doe urges the Court to follow the ruling in *Spurlock*, where Chief United States District Judge William Johnson estopped a CO from contesting certain facts in analyzing an Eighth Amendment claim. (Doc. 47 at 6–7 (citing *Spurlock*, 2010 WL 11470391, at *6).) The defendant CO pled guilty to N.M. Stat. Ann. § 30-9-11(E)(2) (CSP II), a second-degree felony. *See* 2010 WL 11470391, at *1. During the plea hearing in state court, the CO had stipulated "that the facts alleged in the indictment[,]" including the fact that he "intentionally restrained [the plaintiff] without her consent[,]" were true. *Id.* at *5. The court held that the CO would be estopped from contesting the specific facts he admitted to—*i.e.*, that he had restrained the inmate. *Id.* at *6.

Chee urges the Court to follow the reasoning of a later decision, *Sandoval v. Romero*, also authored by Chief Judge Johnson. *See* No. 09CV1028 WJ/ACT, 2011 WL 13291259 (D.N.M. Mar. 3, 2011). As in *Spurlock*, the defendant CO in *Sandoval* pled guilty to CSP II, and the plaintiff later sought to estop him from arguing consent as a defense to her constitutional claim. *See id.* at *2. The CO "argue[d] that consent raises an issue of fact in an Eighth Amendment claim, notwithstanding a conviction under the state statute, and relie[d] for support on *Giron*." *Id.* at *3. "In *Giron*, the Tenth Circuit made clear that sexual abuse that is done with force is in itself malicious[] and satisfies the subjective prong of an Eighth Amendment analysis." *Id.* (discussing *Giron*, 191 F.3d at 1287). The plaintiff tried "to distinguish *Giron* because at the time *Giron* was decided, New Mexico law had yet to criminalize sexual penetration of an inmate by a perpetrator 'in a position of authority over the inmate.'" *Id.* at *4 (quoting N.M. Stat. Ann. § 30-9-11(E)(2)). The plaintiff argued that "pleading guilty to § 30-9-11(E)(2) eliminates any consent defense a civil

6

defendant might pursue." *Id.* Chief Judge Johnson found, though, "that there is no legal authority for the proposition that the state statute supplants the usual Eighth Amendment constitutional inquiry." *Id.* Chief Judge Johnson determined that because the CO had not admitted to using force, he should not be estopped from asserting consent as a defense. *See id.*

The parties acknowledge that *Spurlock* and *Sandoval* are distinguishable from this case because the COs in both pled guilty to CSP II, whereas Chee pled guilty to CSP III. (*See* Docs. 47 at 7; 50 at 6–7.) CSP II includes all criminal sexual penetration perpetrated:

> (1) by the use of force or coercion on a child thirteen to eighteen years of age;
> (2) on an inmate confined in a correctional facility or jail when the perpetrator is in a position of authority over the inmate;
> (3) by the use of force or coercion that results in personal injury to the victim;
> (4) by the use of force or coercion when the perpetrator is aided or abetted by one or more persons;
> (5) in the commission of any other felony; or
> (6) when the perpetrator is armed with a deadly weapon.

N.M. Stat. Ann. § 30-9-11(E). Critically, although several of the subsections under § 30-9-11(E) require "force or coercion," subsection (E)(2) does not. Section 30-9-11(F), however, does.

Since *Sandoval*, the Tenth Circuit has further defined the contours of the law in this area. First, in *Graham v. Sheriff of Logan County*, the Tenth Circuit was faced with the question of "whether a prisoner can *legally* consent to sex with one of her custodians." 741 F.3d 1118, 1124 (10th Cir. 2013). The plaintiff in *Graham*, a female inmate, testified that she willingly participated in sexually explicit conversations, note-writing, and other conduct with two of her guards. *Id.* at 1120–21. Eventually, she engaged in sexual intercourse with the guards. *Id.* at 1122. She initially told investigators it was consensual but later stated that it was consensual with one guard and not with the other. *Id.* She brought a § 1983 civil rights suit for violations of her Eighth Amendment rights, and the district court "granted the defendants' motion for summary judgment on the ground that the sexual acts were consensual." *Id.* at 1120. On appeal, the plaintiff "argue[d] that under

7

'evolving standards of decency' even consensual intercourse with a prisoner is cruel and unusual punishment." *Id.* at 1124. The Tenth Circuit ultimately disagreed with the plaintiff and held that "sexual abuse of prisoners [is] a species of excessive-force claim, requiring at least some form of coercion (not necessarily physical) by the prisoner's custodians." *Id.* at 1126. The *Graham* court found that "not all misbehavior by public officials"—including criminal misconduct—"violates the Constitution." *Id.* at 1125 (citations omitted).

More recently, the Tenth Circuit opined that the law is clearly established "that nonconsensual, coerced sex between a jailer and an inmate violates the Constitution." *Brown*, 974 F.3d at 1186 (citation omitted). In that case, a jailer told Brown, a pretrial detainee, to hurry to the control tower. *Id.* at 1180. The jailer then ordered Brown to expose herself to him and began having sex with her. *Id.* at 1180–81. Brown "felt that she had to comply" and cried, but she did not try to resist out of fear that he would bring charges against her. *Id.* at 1181. "After the incident, [the jailer] gave Brown cigarettes." *Id.* "A similar incident occurred a week later." *Id.* The jailer later pled guilty in state court to "second-degree rape under [a state] statute that defines sex between a guard and a prisoner as rape" and does not contain an element of force or coercion. *Id.* (citing Okla. Stat. Ann. Tit. 21, § 1111(7)). Brown brought a § 1983 action for a violation of her constitutional rights, and the jailer argued that she consented and that he was entitled to qualified immunity. *Id.* The district court found that because the "criminal offense did not include coercion as an element[,]" the jailer's "guilty plea to two counts of second-degree rape [was] not dispositive . . . ." *Id.* It determined that "consent and coercion are issues for the fact[]finder[,]" and that coercion need not be physical. *See id.* It found that a jury could determine that the jailer "had coercive, nonconsensual sex with Brown and that such conduct would have violated her clearly established rights." *See id.* at 1180. Thus, the district court denied his motion for qualified immunity. *See id.*

The Tenth Circuit affirmed the decision, noting that its "longstanding precedent establishing that sexual abuse of those in jail or prison[,]" whether "carried out through physical [or] nonphysical coercion[,]" violates an inmate's constitutional rights. *Id.* at 1184–85 (gathering cases).

Unlike the defendant in *Brown*, Chee *did* plead guilty to a criminal offense that included "force or coercion" as an element. Chee argues that he did not "explicitly acknowledge that he considered himself guilty of the crime for which he was charged." (Doc. 50 at 9 (citation omitted).)[3] This argument does not hold water. Setting aside the fact that Chee has never appealed or sought post-judgment relief on any basis, the plea hearing transcript makes clear that Chee understood the rights he was giving up by pleading guilty and explicitly pled guilty to CSP III. (Doc. 47-2 at 4:12–32, 4:59–5:13.) Further, the court found that there was "a basis in fact for believing [Chee was] guilty of committing the offense[] charged . . . ." (Doc. 47-1 at 4.) Chee's guilty plea is an admission on the record to his use of force or coercion, because "force or coercion" is an element of CSP III. Relevant to the CSP statute, force or coercion is defined as:

> (1) the use of physical force or physical violence;
> (2) the use of threats to use physical violence or physical force against the victim or another when the victim believes that there is a present ability to execute the threats;
> (3) the use of threats, including threats of physical punishment, kidnapping, extortion or retaliation directed against the victim or another when the victim believes that there is an ability to execute the threats;
> (4) the perpetration of criminal sexual penetration or criminal sexual contact when the perpetrator knows or has reason to know that the victim is unconscious, asleep or otherwise physically helpless or suffers from a mental condition that renders the victim incapable of understanding the nature or consequences of the act; or
> (5) the perpetration of criminal sexual penetration or criminal sexual contact by a psychotherapist on his patient, with or without the patient's consent, during the course of psychotherapy or within a period of one year following the termination of psychotherapy.

---

[3] The Fourth Circuit case Chee cites in support is not binding on this Court. (Doc. 50 at 9 (citing *Wolfe v. Footen*, 418 F. App'x 256 (4th Cir. 2011)).) Moreover, it is inapposite. The *Wolfe* court declined to employ judicial estoppel due to a state-court record that was "replete with missing words, marked by ellipses and/or the notation 'inaudible.'" 418 F. App'x at 260. There were no such problems in the record here.

N.M. Stat. Ann. § 30-9-10. Notably, this definition does not include any reference to a jailer/inmate relationship. Chee does not argue that this definition would not satisfy the force or coercion necessary to meet the subjective prong of an Eighth Amendment sexual abuse claim. Rather, he simply argues that his jailer/inmate relationship with Doe would not be enough to show such coercion. While Chee's argument is an accurate reflection of the law, it is immaterial with respect to his plea. Chee pled guilty to a statute that required an element of force or coercion as defined in § 30-9-10. As a result, his guilty plea was an admission that he used "force or coercion" as defined in this section; a definition the Court finds adequate to satisfy the Eighth Amendment subjective prong. Such an admission is a direct contradiction to and clearly inconsistent with a consent defense. This finding is appropriate, as force or coercion is a question "of fact rather than of law or legal theory." *Johnson*, 405 F.3d at 1069 (citation omitted); *see also Brown*, 974 F.3d at 1182 (noting that consent and coercion are issues of fact). Because the guilty plea is clearly inconsistent with a consent defense, the first factor lands in favor of applying estoppel.

### 2. Allowing Chee to argue consent as a defense would create the impression that the state court was misled in accepting his guilty plea.

Next, the Court examines whether acceptance of a consent defense "would create the perception that either [the state court or this Court] was misled." *Johnson*, 405 F.3d at 1069 (quotation marks and citation omitted). In *Johnson*, the plaintiffs engaged in a domestic dispute with a police officer and were charged with misdemeanor assault. *See* 405 F.3d at 1067. They "signed Pleas in Abeyance and . . . admitted that they attempted with unlawful force or violence to do bodily injury to [the officer] and were guilty of assault. Because [they] fulfilled the terms of this plea agreement, the city withdrew their guilty pleas and dismissed the matter." *Id.* The plaintiffs then brought claims against the officer and the city in relevant part for unlawful arrest and imprisonment. *See id.* at 1066. The defendants moved for summary judgment, and the district

court granted the motion. *Id.* at 1067. Applying judicial estoppel, the Tenth Circuit affirmed. *Id.* at 1068–70. Examining the second factor, the Tenth Circuit noted that the plaintiffs, in entering pleas of abeyance, "convinced [the state] court that they attempted to do bodily harm to [the officer] and accepted responsibility for that action . . . ." *Id.* at 1069–70. To accept the plaintiffs' argument in federal court regarding unlawful arrest and imprisonment would negate their earlier admission and create the perception that one of the two courts had been misled. *Id.*

Similarly, in *Spurlock*, Chief Judge Johnson noted that if the court found the CO not liable for a constitutional violation in light of the admitted physical restraint, "it would certainly create the perception that one court or the other was misled." 2010 WL 11470391, at *5 (citing *Johnson*, 405 F.3d at 1069–70). The same is true here. Chee pled guilty to CSP III and thereby admitted that he used "force or coercion" on Doe. Again, Chee argues that his relationship with Doe as jailer/inmate is insufficient to show coercion. To the extent that he attempts to argue that the state judge erred in accepting his guilty plea by equating "coercion" to the jailer/inmate relationship, the second factor clearly favors estoppel—such a finding would "certainly create the perception that" the state court was misled, as CSP III required force or coercion outside of the jailer/inmate relationship. *See id.*; *see also* N.M. Stat. Ann. §§ 30-9-10, 30-9-11(F).

### 3. Allowing a consent defense would afford Chee an unfair advantage after he received the benefits of his guilty plea.

Finally, the Court must examine whether Chee "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Johnson*, 405 F.3d at 1069 (quotation omitted). In *Johnson*, the Tenth Circuit opined that if the plaintiffs succeeded in claiming unlawful arrest, "they would 'derive an unfair advantage' and 'impose an unfair detriment to the opposing party.'" 405 F.3d at 1070 (quotation omitted). The court determined that the plaintiffs' pleas in abeyance offered them "a substantial benefit." *Id.* Without the pleas, they

"faced the possibility of being convicted of assault, a class B misdemeanor punishable by up to six months' imprisonment, and a fine of up to $1,000." *Id.* (internal citations omitted). By entering the pleas, the charges were ultimately dropped. *Id.* The court found that estopping the plaintiffs "from asserting that their arrest was unlawful . . . 'protect[ed] the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Id*. (quoting *New Hampshire*, 532 U.S. at 749–50). To allow the plaintiffs to accept the benefits of their pleas "and, in the next breath, sue for civil damages stemming from their arrest for crimes they admittedly committed would clearly undermine the integrity of the judicial system." *Id.*

The *Spurlock* court similarly noted that the CO "persuaded the New Mexico state court to accept his guilty plea so that he could reap the benefit of fewer charges and a reduced sentence." 2010 WL 11470391, at *5. "It would give [the CO] an unfair advantage to permit him to dispute the underlying facts [at issue in the plaintiff's constitutional claim] merely because it is advantageous for him to do so." *Id.* (citing *Johnson*, 405 F.3d at 1070 (describing plaintiff's argument as "nothing more than an intentional attempt to mislead the [federal courts] to gain unfair advantage in this action")). The same is true for Chee, who was originally charged with four counts of CSP II. The Court has no way of knowing why Chee chose to plead guilty to CSP III when he was charged under CSP II, but it is clear that he derived benefits from his plea. Chee pled guilty to fewer charges and received a reduced sentence and a lower fine.[4] To allow Chee to plead guilty to CSP III with its commensurate lower basic sentence and fine, while also allowing him to dispute

---

[4] The basic sentence of imprisonment for CSP III is three years, while the basic sentence for CSP II is nine years. *See* N.M. Stat. Ann. § 31-18-15(A)(7), (11). The maximum fine for CSP III is $5,000, and for CSP II is $10,000. *See id.* § 31-18-15(E)(7)(11).

facts that directly contravene that guilty plea, would allow him an unfair advantage and impose a detriment on Doe. Accordingly, the third factor favors application of judicial estoppel.

In sum, it is clearly established law in the Tenth Circuit that "[s]exual abuse of an inmate by an officer violates the Eighth Amendment[,]" and such "sexual abuse . . . require[es] at least some form of coercion . . . ." *Graham*, 741 F.3d at 1122, 1126 (citations omitted). (*See also* Doc. 50 at 9 ("consensual relationships between inmates and corrections officers do not violate the Constitution as a matter of law") (citing *Graham*, 741 F.3d at 1126).) In pleading guilty to CSP III, Chee admitted that he used force or coercion on Doe. As "nonconsensual, coerced sex between a jailer and an inmate violates the Constitution[,]" *Brown*, 974 F.3d at 1186, allowing Chee to argue in this proceeding that Doe consented to sex would be clearly inconsistent with his earlier guilty plea and admission that he forced or coerced her to have sex with him. *See Johnson*, 405 F.3d at 1069 (quotation omitted). On balance, all three factors favor application of judicial estoppel: Chee may not argue that Doe consented to sexual contact with him.[5]

### B.   Chee violated Doe's clearly established constitutional rights.

"Sexual abuse of a prisoner by a guard is generally analyzed as an excessive-force claim." *Graham*, 741 F.3d at 1123 (citing *Giron*, 191 F.3d at 1288–90). "Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Id.* (quoting *Giron*, 191 F.3d at 1289). "The subjective prong turns on whether the officer acted

---

[5] This finding is exclusively based on the elements of CSP III and Chee's guilty plea. The Court declines to find, as Doe urges, that Chee should be estopped from arguing consent because he "used his position of power to coerce [her] to engage in sexual intercourse." (*See* Doc. 47 at 1.) Doe's argument contravenes clearly established Tenth Circuit authority "that consent is a defense to a constitutional claim for sexual abuse." *See Brown*, 974 F.3d at 1186 (citing *Graham*, 741 F.3d at 1125–26).

maliciously and sadistically." *Id.* "Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct, including but not limited to sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used 'maliciously and sadistically for the very purpose of causing harm.'" *Giron*, 191 F.3d at 1290 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)) (subsequent citation omitted). "Sexual abuse of an inmate by an officer violates the Eighth Amendment[,]" and such "sexual abuse . . . require[es] at least some form of coercion . . . ." *Graham*, 741 F.3d at 1122, 1126 (citations omitted). Chee admitted that he forced or coerced Doe to engage in sexual acts. Further, there is record evidence to support a showing that Chee forced or coerced Doe. In her interview with the New Mexico State Police, Doe stated that during the fourth encounter, she explicitly told Chee she "didn't want to do it no more" but he "put [her] face against the door" and raped her. (*See* Doc. 47-2 at 26:06–26, 27:30–44.) Chee's conduct satisfies the subjective prong.

"As for the objective prong, it does not require that a prisoner show a 'significant injury' to pursue an Eighth Amendment claim." *Graham*, 741 F.3d at 1123 (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "Instead, the inquiry centers on the 'nature of the force' used." *Id.* (quoting *Wilkins*, 559 U.S. at 39). "Although the extent of the injury suffered may be instructive in determining the amount of force used, a minor injury can still support an Eighth Amendment claim if the force used was 'nontrivial and was applied maliciously and sadistically to cause harm.'" *Id.* (quoting *Wilkins*, 559 U.S. at 39). "Sexual abuse satisfies the objective prong of the Eighth Amendment inquiry." *Spurlock*, 2010 WL 11470391, at *6 (citing *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003)). "[A]n inmate has a constitutional right to be secure in her bodily integrity and free from attack by prison guards." *Smith*, 339 F.3d at 1212 (quoting *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993)). Chee's conduct also satisfies the objective prong.

Chee violated Doe's Eighth Amendment right to be free from sexual abuse. Accordingly, the Court will grant Doe summary judgment on Count I.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment on Count I of Her Complaint is **GRANTED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE